IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

HOWARD HAYS                                                              PETITIONER

V.                                                         NO. 4:17-CV-119-DMB-JMV

PELICIA HALL, and ATTORNEY
GENERAL OF THE STATE OF
MISSISSIPPI                                                            RESPONDENTS


**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is the Report and Recommendation of United States Magistrate Judge Jane M. Virden recommending that the respondents' motion to dismiss be granted. Doc. #11.

**I**
**Factual and Procedural History**

On October 12, 2015, in the Circuit Court of Leflore County, Mississippi, Howard Hays pled guilty to one count of burglary, one count of grand larceny, and being a habitual offender under § 99-19-81 of the Mississippi Code. Doc. #8-1 at 1. The same day, Hays was sentenced to seven years for the burglary charge and five years for the grand larceny charge,[1] with the sentences to run consecutively. *Id*.

On March 11, 2016, Hays filed a pro se motion for post-conviction relief ("PCR") which alleged numerous constitutional violations in the proceedings related to the burglary and grand larceny charges. Doc. #8-2. The Circuit Court of Leflore County denied Hays' PCR motion on July 18, 2017. Doc. #8-4. Hays did not appeal this order within the time allowed. However, on or about August 7, 2017, he filed this habeas action challenging the same convictions. Doc. #1.

---

[1] The sentencing order lists "Antrawin Flowers" as the defendant to serve the term of imprisonment for Count II. Doc. #8-1. This appears to be a typographical error.

Approximately a month after initiating this habeas action, Hays filed a second PCR action in the Leflore County Circuit Court. Doc. #14-3. Additionally, on October 10, 2017, Hays filed a "Notice of Appeal" in the Leflore County Circuit Court. Doc. #8-8 at 1. The notice, which includes the case number for Hays' first PCR action, seeks leave "to file [a] brief in the Supreme Court of Mississippi" and asks that "the Circuit Clerk … forward all documents … to the Mississippi Supreme Court." *Id*.

On December 11, 2017, the respondents, pointing to Hays' failure to appeal the July 18, 2017, denial of his PCR motion, moved to dismiss Hays' habeas petition as procedurally defaulted or, in the alternative, as non-exhausted. Doc. #8. In response, Hays argued that the Court should overlook his "procedural mistake" because of his "lack of knowledge of the law" and because he "is aggrieved by the decision of the Leflore County Court." Doc. #10 at 1.

On February 12, 2018, the Circuit Court dismissed Hays' second PCR action as an improper successive petition. Doc. #14-4. Hays appealed this dismissal on or about March 5, 2018. Doc. #14-6.

On April 2, 2018, United States Magistrate Judge Jane M. Virden issued a Report and Recommendation recommending that Hays' petition be dismissed as procedurally defaulted. Doc. #11. Hays filed objections to the Report and Recommendation, Doc. #13, and the respondents filed a response to the objections, Doc. #14.

**II
Analysis**

Where objections to a report and recommendation have been filed, a court must conduct a "de novo review of those portions of the … report and recommendation to which the [parties] specifically raised objections. With respect to those portions of the report and recommendation to

2

which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Gauthier v. Union Pac. R.R. Co.*, 644 F.Supp.2d 824, 828 (E.D. Tex. 2009) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)) (internal citations omitted).

"Procedural default occurs when a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Williams v. Thaler*, 602 F.3d 291, 305 (5th Cir. 2010) (internal alterations and quotation marks omitted). To overcome a state procedural default, a petitioner must show "cause for the default and … actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice." *Norman v. Stephens*, 817 F.3d 226, 231–32 & n.2 (5th Cir. 2016).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008) (alterations omitted). Here, there is no dispute that Hays' claims, which relate to his 2015 convictions, have not been fairly presented to the Mississippi Supreme Court. Furthermore, insofar as Mississippi law prohibits successive PCR petitions[2] and requires that a petitioner appeal to the Mississippi Supreme Court within thirty days of denial of his PCR,[3] Hays, whose first PCR motion regarding the 2015 convictions was untimely appealed, would be procedurally barred from meeting the exhaustion requirement with regard to any claim related to these convictions. Therefore, Hays' claims are properly deemed procedurally defaulted unless he can show cause for

---

[2] *See* Miss. Code Ann. § 99-39-23(6).

[3] *See* Miss. R. App. P. 4(a).

the default or that failure to consider the claims will result in a fundamental miscarriage of justice. *See Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) ("[W]hen federal habeas claims are technically exhausted because, and only because, petitioner allowed his state law remedies to lapse without presenting his claims to the state courts, there is no substantial difference between nonexhaustion and procedural default.") (internal quotation marks and alterations omitted).

With regard to cause, Hays, in his objections, argues vaguely that state officials prevented him from presenting his claims to the state court because a "state officer and [Hays'] counsel led … Hays to believe that a constitutional violation had not occurred, when in fact it had." Doc. #13 at 2. While this argument may relate to why various constitutional issues were not raised during Hays' criminal trial, it seems wholly unrelated to the ultimate issue here—whether there was cause for Hays failing to properly raise the grounds in his initial PCR petition. Furthermore, a petitioner may not "rely upon … conclusory assertions … to circumvent his procedural defaults …." *Rupert v. Johnson*, 79. F.Supp.2d 680, 696 (W.D. Tex. 1999). Accordingly, this Court concludes that Hays has failed to show cause for his procedural default.

"The fundamental miscarriage of justice exception to the rule that state procedural default bars federal habeas review is limited to cases where the petitioner can make a persuasive showing that he is actually innocent of the charges against him." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). Hays' objections do not address whether procedural default would result in a fundamental miscarriage of justice, and this Court sees nothing in the record to support such a finding. Accordingly, Hays cannot establish he is entitled to avoid his procedural default.

### III
### Certificate of Appealability

This Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Proceedings for the United States District Courts. A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Based on the *Slack* criteria, the Court finds that a COA should not issue in this case.

### IV
### Conclusion

For the reasons above, Judge Virden's Report and Recommendation [11] is **ADOPTED** as the order of this Court. The respondents' motion to dismiss [8] is **GRANTED**. Hays' petition is **DISMISSED** as procedurally defaulted.

**SO ORDERED**, this 20th day of September, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**